UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-22434-CIV-MORENO

CARIDAD MARQUEZ,

    Plaintiff,

vs.

WACHOVIA MORTGAGE, F.S.B., f/k/a
WORLD SAVINGS BANK and WELLS FARGO
BANK, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR EXPEDITED REMAND FOR LACK OF JURISDICTION AND FOR IMPOSITION OF ATTORNEYS' FEES

THIS CAUSE came before the Court upon the Motion for Expedited Remand for Lack of Jurisdiction and for imposition of Attorneys' Fees as Costs **(D.E. No. 7)**, filed on **July 6, 2012**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and the case is REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

## LEGAL STANDARD AND ANALYSIS

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal

jurisdiction) and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Mindful of this standard, the Court finds without question that removal of this case was improper. Not only does the Court lack diversity jurisdiction as Defendant, Caridad Marquez, is a citizen of Florida, but there is likewise no subject matter jurisdiction over this foreclosure suit premised on state law claims. In addition, the record is clear that this foreclosure was adjudicated in state court and this Court must not hear an appeal from a state court action under the *Rooker-Feldman* abstention doctrine. Finally, Ms. Marquez removed this case almost four years after she was served with the complaint. *See* 28 U.S.C. § 1446(b) (requiring that a notice of removal be filed within thirty days of service of the initial pleading in the case). Accordingly, the Court grants the expedited motion to remand.

DONE AND ORDERED in Chambers at Miami, Florida, this _9_ day of July, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

Clerk of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida